UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

R. ALEXANDER ACOSTA,[1]
*Secretary of Labor*, *Department of Labor*,

              **Plaintiff,**

        v.                           1:15-CV-93
                                         (FJS/DJS)

**DANIEL M. BYRNES and FORT
ORANGE CAPITAL MANAGEMENT, INC.
PROFIT SHARING PLAN,**

              **Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **UNITED STATES DEPARTMENT OF LABOR** <br> Office of the Solicitor <br> 201 Varick Street <br> New York, New York 10014 <br> Attorneys for Plaintiff | ALLISON L. BOWLES, ESQ. <br> JEFFREY S. ROGOFF, ESQ. <br> DARREN J. COHEN, ESQ. |
| **DANIEL M. BYRNES** <br> 37 Columbine Drive <br> Glenmont, New York 12077 <br> Defendant *pro se* | |

**SCULLIN, Senior Judge**

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor R. Alexander Acosta is automatically substituted as Plaintiff.

# MEMORANDUM-DECISION AND ORDER

# I. INTRODUCTION

In a Memorandum-Decision and Order dated March 28, 2017, the Court granted Plaintiff's motion for summary judgment as to liability after finding that Defendant Daniel Byrnes violated several provisions of the Employee Retirement Income Security Act ("ERISA"), which imposed a duty of loyalty, a duty of prudence, and a duty to diversify on trustees of ERISA covered plans. *See* Dkt. No. 48; *see also* 29 U.S.C. § 1104(a)(1)(A)-(C). The Court also ordered the parties to file supplemental documentation regarding the calculation of restitution damages. *See* Dkt. No. 48 at 19, 21 (finding that Plaintiff's expert used an inappropriate comparator when calculating damages).

# II. DISCUSSION[2]

Section 409 of ERISA provides, in pertinent part, that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). An "appropriate remedy in cases of breach of fiduciary duty is the restoration of the [plan] beneficiaries to the position they would have occupied but for the breach of trust." *Donovan v. Bierwirth*, 754 F.2d 1049, 1056 (2d Cir. 1985) ("*Bierwirth III*") (citations omitted). Accordingly, the Court ordered the parties "to consider an up-to-date valuation of the Plan's shares in Sarissa compared to how the Plan would have performed under the strategy previously employed, *i.e.*, investing in various mutual funds." *See* Dkt. No. 48 at 19.

---

[2] The Court presumes the parties' familiarity with the underlying facts of this case.

Plaintiff employed Value Knowledge, LLP ("VK") to estimate the Plan's loss due to Defendant's decisions to invest in Sarissa, Inc. VK concluded that the Plan lost $310,000 (rounded). *See* Dkt. No. 52-2 at 4. In that regard, VK calculated the lost principal as $174,391 and the lost use of funds as $136,052. *See id*. In reaching this result, VK heeded the Court's instruction to compare the Plan's current status with how the Plan would have performed had it maintained its previous investment strategy. The Court is satisfied that $310,000 represents a reasonable calculation of the losses the Plan suffered as a result of Defendant's conduct. *See L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc*., 820 F. Supp. 2d 410, 427 (E.D.N.Y. 2011), *aff'd*, 710 F.3d 57 (2d Cir. 2013) (using a preponderance of the credible evidence standard to confirm damages in an ERISA case).

Defendant makes several unavailing arguments in his response. First, he asks the Court to delay issuing an Order for damages because the price of stock and the mutual funds will continue to fluctuate. Although undoubtedly true, the inherent uncertainty of the price of stock is an insufficient ground to further delay holding Defendant responsible in this case.

Defendant also requests that the Court allow him to accept a distribution in the Plan's assets in the form of shares in Sarissa stock. However, how the Plan distributes its shares is primarily an issue for Northeast Retirement Services ("NRS"), the Plan's independent fiduciary,[3] to determine, not the Court.

---

[3] In an Order dated July 28, 2017, the Court appointed NRS as the Plan's independent fiduciary. *See* Dkt. No. 59.

## III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant is liable to the Plan in the amount of $310,000; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor, indicating that Defendant owes the Plan $310,000 in restitution damages, and including the terms of the Court's March 28, 2017 Memorandum-Decision and Order, see Dkt. No. 48, and the terms of the Court's July 28, 2017 Order, *see* Dkt. No. 59, and close this case.

**IT IS SO ORDERED.**

Dated: August 10, 2017
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge