UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
JULIE A. SU,[1] Acting Secretary of Labor,     :
United States Department of Labor,

                                        :

                     Plaintiff,     :     Civil File No. 1:15-cv-93(FJS/DJS)

                                        :

v.

                                        :     **AMENDED CONSENT**
DANIEL M. BYRNES and the FORT          **ORDER AND**
ORANGE CAPITAL MANAGEMENT INC.    :     **JUDGMENT**
PROFIT SHARING PLAN

                                        :
                   Defendants,
-----------------------------------------------------------

       Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendant Daniel M. Byrnes agree to the entry of this Amended Consent Order and Judgment as a complete resolution of the issues in contention between them in this matter. The Secretary has filed his complaint and Defendant Byrnes answered and, after a decision on summary judgment, Dkt. No. 48, on August 10, 2017 this Court issued a Judgment due to the Fort Orange Capital Management Inc. Profit Sharing Plan (the "Plan") in the amount of $310,000. Dkt. No. 63. An offset of Defendant Byrnes's participant interest in the assets of the Plan having been applied and Defendant Byrnes having made $13,251.00 in total payments toward the Judgment, the outstanding amount Defendant Byrnes owes on the Judgment is $293,989.21. On October 31, 2022, this Court entered a Consent Order and Judgment providing for Defendant Byrnes to make monthly payments toward the Judgment. Dkt. No. 91. The parties wish to enter into this amended consent judgment to modify the payment plan for Defendant Byrnes on the Judgment.

       This action arises under Title I of the Employee Retirement Income Security Act of 1974

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Julie A. Su is automatically substituted as Plaintiff.

1

("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended, and was brought by the Secretary pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to obtain relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to enjoin acts and practices which violate the provisions of Title I of ERISA.  Pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), the Secretary has authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and other parties who are in violation of ERISA.

The Plan is and was at all relevant times an employee pension benefit plan within the meaning of ERISA § 3(2) and (3), 29 U.S.C. § 1002(2) and (3).

Daniel M. Byrnes was at all relevant times to this action a fiduciary of the Plan because he exercised authority or control respecting the management or disposition of the assets of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

The Court has previously found that Defendant Byrnes violated ERISA §§ 404(a)(1)(A), 404(a)(1)(B) and 404(a)(1)(C). *See* Dkt. No. 48. The Secretary and Defendant Byrnes do now consent to entry of an Amended Consent Order and Judgment by this Court.

The Secretary has agreed to the terms of payment contained in this Amended Consent Judgment based on the sworn asset affidavit submitted by Defendant Byrnes on September 16, 2022 disclosing his financial condition, which shows that Defendant Byrnes is without sufficient financial assets to make complete and immediate restitution to the Plan for the plan loss as a result of the ERISA violations set forth above.

Upon consideration of the record herein, and as agreed to by the Secretary and Defendants, the Court finds that it has jurisdiction to enter this Amended Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1. Defendant Byrnes agrees to repay to the Plan the outstanding amount of the Judgment less the participant interest that Defendant Byrnes has in the $310,000 due to the Plan pursuant to the August 10, 2017 Judgment (the "Restitution Amount"). The Restitution Amount is currently estimated to be $190,741.73. Defendant Byrnes shall make monthly payments to the Plan for the pro rata benefit of all participants and beneficiaries, with the exception of Defendant Byrnes, until the Restitution Amount has been paid in full, subject to the terms outlined below:

    a. Defendant Byrnes shall make monthly payments of $751 to the Plan toward the Restitution Amount commencing on or before May 1, 2023 and continuing to or before April 1, 2024.

    b. Beginning May 1, 2024, Defendant Byrnes shall make monthly payments of 9.6% of one twelfth of his annual post-tax income for the preceding year. The monthly payment amount shall be recalculated each year for the payments beginning in May 1 of that year. The term "annual post-tax income" is defined as follows:

        i. Daniel M. Byrnes's taxable income, consisting of Defendant Byrnes's share of the taxable income shown on the equivalent of line 15 of 2022 Internal Revenue Service Form 1040 for the appropriate year. In determining Defendant Byrnes's share of that income, the following specific calculations will be used, where applicable:

            1. The portion of W-2 income which was required to be reported in the manner of 2022 Internal Revenue Service Form 1040, Item a, attributed to Defendant Byrnes (as opposed to his spouse,

if filing jointly), *plus*

2. The portion of 1099 income attributed to Defendant Byrnes (as opposed to his spouse, if filing jointly), *plus*

3. All capital gains required to be reported in the manner of 2022 Internal Revenue Service Form 1040, Item 7 for accounts held solely in Defendant Byrnes's name and accounts held jointly by Defendant Byrnes and any individual who is not his spouse, *plus*

4. All capital gains required to be reported in the manner of 2022 Internal Revenue Service Form 1040, Item 7, multiplied by the percentage share of Defendant Byrnes's W-2 and 1099 income as compared to his total household W-2 and 1099 income for accounts held jointly by Defendant Byrnes and his spouse, *plus*

5. All other income earned by Defendant Byrnes required to be reported in the manner of 2022 Internal Revenue Service Form 1040, *plus*

6. All other joint income required to be reported in the manner of 2022 Internal Revenue Service Form 1040, multiplied by the percentage share of Defendant Byrnes's W-2 and 1099 income as compared to his total household W-2 and 1099 income, *less*

7. The standard deduction or itemized deduction claimed, in the manner of 2022 Internal Revenue Service Form 1040, Item 12, multiplied by the percentage share of Defendant Byrnes's income as compared to his total household income if filing

        jointly;

*plus*

    ii.    Any income from sources which were required to be reported for information purposes on 2022 Internal Revenue Service Form 1040, Items 2a and 3a, multiplied by the percentage share of Defendant Byrnes's W-2 income as compared to his total household W-2 income for accounts if the income was earned jointly with Defendant Byrnes's spouse; *plus*

    iii.    Any deduction for carryover losses from prior years, as set forth in the equivalent of live 7 of 2022 Internal Revenue Service Form 1040 for the appropriate year, multiplied by the percentage share of Defendant Byrnes's W-2 and 1099 income as compared to his total household W-2 and 1099 income; *less*

    iv.    Daniel M. Byrnes's total tax as calculated in the manner of Item 24 on 2022 Internal Revenue Service Form 1040, multiplied by the percentage share of Defendant Byrnes's taxable income as calculated in the manner described in subparagraph 1.b.i above as compared to his household taxable income if filing jointly, and Item 61 on 2022 New York State Department of Taxation and Finance Form IT-201, multiplied by the percentage share of Defendant Byrnes's taxable income as calculated in the manner described in subparagraph 1.b.i above as compared to his household taxable income if filing jointly.

    c.    Defendant Byrnes shall submit adequate documentation of his annual post-tax income as defined above to determine the proper amount of payments due,

including annual income tax returns. This documentation shall be submitted not later than Annual Federal Tax filing date of each year in which any payments are due. Defendant Byrnes shall also cooperate in answering any questions regarding the financial information that he submits to the Department of Labor and submitting any additional financial information that the Department of Labor may request. Defendant Byrnes shall submit the documentation described in this subparagraph by email to riordan.brendan@dol.gov and to the following address:

U.S. Department of Labor
Employee Benefits Security Administration
Boston Regional Office, Attn: Regional Director
JFK Federal Building
15 New Sudbury Street, Room 575
Boston, MA 02203

d.  If Defendant Byrnes fails to submit this documentation by Annual Federal Tax filing date of any year in which payments are due, a seven calendar-day grace period shall be allowed for receipt of such documentation. In the event that the U.S. Department of Labor does not receive the documentation by the eighth calendar day after which it is due, the U.S. Department of Labor's representatives will notify Defendant Byrnes by email. Defendant Byrnes is responsible for timely notifying the U.S. Department of Labor of any change in his email address. If the U.S. Department of Labor does not receive the documentation within 10 days of notifying Defendant Byrnes of the overdue documentation, then in the following year Defendant Byrnes shall make monthly payments of the most recently calculated monthly payment or $1,000, whichever is greater, toward the Restitution Amount.

e.  Defendant Byrnes agrees that he will notify the U.S. Department of Labor

6

at the address in subparagraph 1c above if his average monthly expenses on an annual basis fall below 70% of his annual post-tax income, as calculated on a 12-month rolling basis ending April 30. Defendant Byrnes agrees that in such an event, he will increase his monthly payment amount in an amount proportional to the decrease in his monthly expenses, prorated based on the percentage of debt he owes on the Restitution Amount compared to the debt he owes to other creditors, for the following 12 months, and continuing each year should his monthly expenses remain below 70% of his annual post-tax income, as described in this paragraph.

    f.    Defendant Byrnes shall have the right to make greater payments toward the balance of the money due without penalty.

    g.    Upon any default, the Secretary shall have the right to accelerate full payment of the Restitution Amount.

2.    Defendant Byrnes agrees that he will notify the U.S. Department of Labor at the address in subparagraph 1c above within 15 days if he receives: (1) any bequest or inheritance over $5,000; (2) lottery and gambling winnings over $5,000; (3) proceeds of any life insurance policy over $5,000; or (4) any other windfall over $5,000 not reportable on IRS form W-2. Defendant Byrnes agrees that upon receipt of any such enumerated monies he shall apply such enumerated monies to any remaining payments owed on the Restitution Amount until such balance has been paid in full.

3.    If the Independent Fiduciary is able to sell the Sarissa common shares held by the Plan and the proceeds of the sale of all Sarissa stock held by the Plan exceed the Restitution Amount, the below terms apply:

    a.    All of the proceeds received by the Plan shall immediately be deposited into

the Plan and allocated on a *pro rata* basis for the benefit of all participants and beneficiaries, including Defendant Byrnes.

      b.     If the proceeds of the sale of all Sarissa stock held by the Plan exceed $293,989.21, the Secretary agrees that the Judgment against Defendant Byrnes will be considered to have been paid.

      c.     If the proceeds of the sale of all Sarissa stock held by the Plan exceeds the Restitution Amount, but does not exceed $293,989.21, Defendant Byrnes agrees to apply his participant interest in his individual account balance in the Plan as an offset against the remaining Judgment Amount due to the Plan. The Secretary agrees that any participant interest that Defendant Byrnes has in such an offset shall be credited to him and not offset from his account.

4.     If the Independent Fiduciary is able to sell the Sarissa common shares held by the Plan and the proceeds of the sale of all Sarissa stock held by the Plan do not exceed the Restitution Amount, the below terms apply:

      a.     All of the proceeds received by the Plan shall immediately be deposited into the Plan and allocated on a *pro rata* basis for the benefit of all participants and beneficiaries with the exception of Defendant Byrnes.

      b.     The Secretary agrees that the participant interest that Defendant Byrnes has in the Judgment Amount shall be credited against such amount due, reducing that amount accordingly.

      c.     The proceeds from the sale shall be credited towards the Restitution Amount. Defendant Byrnes shall be entitled to receive proceeds from any such sale only after the Restitution Amount has been paid in full. If the Restitution Amount

has been paid in full, all proceeds from any such sale shall be allocated on a *pro rata* basis for the benefit of all participants and beneficiaries, including Defendant Byrnes.

5. Defendant Byrnes shall have no rights nor claims to any monies deposited from any source in the Plan unless and until the Restitution Amount is paid in full and allocated on a pro rata basis to the accounts of the Plan participants and beneficiaries other than Defendant Byrnes, or the requirements of paragraph 3 above are satisfied.

6. If any of Defendant Byrnes's contact information changes before the payment requirements of paragraph 5 above are satisfied, he shall timely notify the U.S. Department of Labor of his new contact information.

7. The payment requirements of the Judgment in this matter will not be satisfied until Defendant Byrnes deposits the total Restitution Amount or the requirements of paragraph 3 are met.

8. Each party agrees to bear his, her or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

9. The parties agree that this document may be executed via counterpart or electronic signatures and that a signature via facsimile or PDF and electronic mail will be deemed an original signature and will be binding upon the party transmitting the signature by facsimile or PDF and electronic mail.

10. The Court directs the entry of this Amended Consent Order and Judgment as a final order.

11. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Amended Consent Order and Judgment.

12. Nothing in this Amended Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

_____   8/3/23
DANIEL M. BYRNES              Date

SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

/s/ Amanda M. Wilmsen     8/9/23
_____  _____
AMANDA M. WILMSEN          Date
Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff
Julie A. Su, Acting Secretary of Labor

Dated:  August 14, 2023

SO ORDERED:

_____
Frederick J. Scullin, Jr.
Senior United States District Judge